Williams, J.
By section 1823 of the Revised Statutes, final jurisdiction is conferred on mayors of villages “to hear and determine any prosecution for the violation of an ordinance of the corporation, unless imprisonment is prescribed as part of the punishment.” “Where imprisonment is a part of the prescribed punishment, and the accused does not waive a jury,” the mayor “may summon a jury, and try the accused,” and in such case judgment shall be rendered in accordance with the verdict, unless a new trial, for sufficient cause, is granted. Section 1826. But, in such cases, by the provisions of section 1827, the mayor may decline to summon a jury and try the accused, “if in his opinion the public interest will be thereby promoted,” and, in that case, the mayor, having entered that fact on his docket, may “proceed to inquire into the complaint, and discharge the accused, recognize him to the court of common pleas, or commit him in default of bail; and in such case the court of *496 common pleas shall have jurisdiction of the offense.” The mayor, in this case, proceeded under, and in accordance with, this last section, and took the recognizance of the accused conditioned for his appearance at the next term of the court of common, pleas, where, as has already been stated, the case was placed on the trial docket. There appears to be no express provision made by statute with respect to the mode of proceeding and trial in such cases in the court of common pleas; and it is the claim of the plaintiff in error that the same mode of proceeding and trial must be had as in criminal cases; that is, by indictment. This claim is obviously without foundation. There is nothing in the constitution which secures the accused that mode of trial. By the provision of the constitution indictment is necessary only in capital or otherwise infamous ■ crimes, and is not required in cases of inferior offenses, those where the punishment is less than imprisonment in the penitentiary. Though undoubtedly that mode of prosecution for such inferior offenses is the proper one when so provided by statute. Article 1, Section 10, Dillingham v. State, 5 Ohio St., 280, 282. But we have been unable to find any statute which provides for indictment for violation of municipal ordinances. The offenses, which it is the duty and province of the grand jury to inquire into and present by indictment, are those only that are violations of the criminal laws of the state. Prosecutions for these offenses are required to be in the name and by the authority of the state, and the indictment must “conclude against the peace and dignity of the state.” Constitution, Article 4, Sec. 20. These provisions seem incompatible with prosecutions by indictment for offenses against* municipal ordinances, which are carried on in the name, and for the benefit, of the *497 corporation. Where snch cases are certified to the court of common pleas under section 1827, the proper course to pursue is to proceed to trial upon the affidavit filed before the mayor. That constitutes a sufficient information. The object of the provision for sending cases of that kind to the court of common pleas, is to afford the accused better opportunity of having a trial by an impartial jury, with proper instructions from the court, and a judgment unbiased by local influences, if he is found guilty.'

Judgment affirmed.